**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 08-5250**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

STEVEN ABIODUN SODIPO,

              Defendant - Appellant.

———————

**No. 08-5256**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

CALLIXTUS ONIGBO NWAEHIRI,

              Defendant - Appellant.

———————

Appeals from the United States District Court for the District
of Maryland, at Baltimore.  Benson Everett Legg, District Judge.
(1:06-cr-00444-BEL-1; 1:06-cr-00444-BEL-2)

———————

Submitted:  February 9, 2012       Decided:  February 23, 2012

———————

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Kenneth W. Ravenell, Milin Chun, MURPHY & FALCON, PA, Baltimore, Maryland; Gerald C. Ruter, LAW OFFICES OF GERALD C. RUTER, P.C., Towson, Maryland, for Appellants. Rod J. Rosenstein, United States Attorney, Andrea L. Smith, Paul E. Budlow, Assistant United States Attorneys, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Steven Abiodun Sodipo and Callixtus Onigbo Nwaehiri for conspiracy to possess with intent to distribute and distribute hydrocodone, in violation of 21 U.S.C. § 846 (2006); six counts of distribution of hydrocodone and aiding and abetting, in violation of 18 U.S.C. § 2 (2006), 21 U.S.C. § 841(a) (2006); conspiracy to launder money, in violation of 18 U.S.C.A. § 1956(h) (West 2006 & Supp. 2011); three counts of money laundering involving more than $10,000, in violation of 18 U.S.C. § 1957(a) (2006); conspiracy to defraud the United States, in violation of 18 U.S.C. § 371 (2006); and filing false tax returns, in violation of 26 U.S.C. § 7206(1) (2006).[1] The district court sentenced each Appellant to a total of sixty months of imprisonment, and they now appeal. For the reasons that follow, we affirm.

The Appellants first argue that the district court erred in denying their motion for a mistrial based on a Government witness' testimony regarding evidence that the district court had ruled inadmissible under Fed. R. Evid. 403. We review a district court's denial of a motion for a mistrial for abuse of discretion. United States v. Johnson, 587 F.3d

---

[1] The court granted the Appellants' motion for judgment of acquittal on a charge of engaging in a continuing criminal enterprise, 21 U.S.C. § 848(a), (c) (2006).

625, 631 (4th Cir. 2009). "An abuse of discretion exists if the defendant can show prejudice." United States v. Wallace, 515 F.3d 327, 330 (4th Cir. 2008) (internal quotation marks, alterations, and citation omitted). We have thoroughly reviewed the record and conclude that the district court did not abuse its discretion in denying the Appellants' motion for a mistrial.

The Appellants next argue that the district court erred in denying their motion for a mistrial based on the prosecutor's statements during closing arguments. "Whether improper argument by the government has prejudiced the trial process to such a degree as to require reversal depends on the facts of each trial." United States v. Harris, 498 F.3d 278, 293 (4th Cir. 2007), abrogated on other grounds by Fowler v. United States, 131 S. Ct. 2045 (2011). In making this determination, we consider

> (1) the degree to which the prosecutor's remarks have a tendency to mislead the jury and to prejudice the accused; (2) whether the remarks were isolated or extensive; (3) absent the remarks, the strength of the competent proof introduced to establish the guilt of the accused; and (4) whether the comments were deliberately placed before the jury to divert attention to extraneous matters.

Id. (citation omitted). Based on these factors, we conclude that the district court did not commit reversible error in

4

denying the Appellants' motion for a mistrial based on the prosecutor's statements.

Finally, the Appellants argue that the district court erred in denying their motion for a new trial because the court failed to ensure that the jury began deliberations anew when the court replaced a juror with an alternate after deliberations were in progress. We review a district court's denial of a motion for a new trial for abuse of discretion. See United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006). Under Fed. R. Crim. P. 24(c)(3), a district court "may retain alternate jurors after the jury retires to deliberate. The court must ensure that a retained alternate does not discuss the case with anyone until that alternate replaces a juror or is discharged." Moreover, the rule explicitly provides that "[i]f an alternate replaces a juror after deliberations have begun, the court must instruct the jury to begin deliberations anew." Fed. R. Crim. P. 24(c)(3).

Here, when the court excused a juror after deliberations had begun, the court ensured that the alternate had not discussed the case with anyone and instructed the jury that it was required to begin deliberations anew. Therefore, the court complied with the requirements of Rule 24(c)(3). We conclude that the district court did not abuse its discretion in denying the Appellants' motion for a new trial.

Accordingly, we affirm the judgment of the district court.  As Nwaehiri is represented by counsel, we also deny his motion to file a pro se supplemental brief.[2]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

---

[2] Even were we to grant the motion to file a pro se supplemental brief, our review of the proposed brief persuades us that Nwaehiri fails to articulate claims that would warrant relief.